```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                    Plaintiff,                 MEMORANDUM AND ORDER
                                                22-cv-2230 (KAM)(MMH)
     -against-

MYRA CLARKE, JONATHAN FRANCIS, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY TRANSIT ADJUDICATION BUREAU,
CRIMINAL COURT OF THE CITY OF NEW YORK,

                    Defendants.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Empire Community Development, LLC commenced the instant action against Defendants Myra Clarke, Jonathan Francis, New York City Environmental Control Board, New York Transit Adjudication Bureau, and the Criminal Court of the City of New York, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 116-25 Merrick Boulevard, Jamaica, New York 11434.  On May 25, 2023, this Court granted default judgment in favor of Plaintiff as to liability but denied the motion for judgment of foreclosure and sale and damages without prejudice.  (ECF No. 18.)  Presently before the Court is Plaintiff's renewed motion for judgment of foreclosure and sale and damages with additional supporting documentation.  (ECF Nos. 23, 29.)  For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

The Court assumes familiarity with the factual background of this matter and will discuss background information only insofar as it has bearing on Plaintiff's renewed motion. The Court's previous opinion regarding liability dated May 25, 2023, is incorporated by reference.

Plaintiff commenced the instant action on April 19, 2022, seeking to foreclose a mortgage encumbering the property commonly known as 116-25 Merrick Boulevard, Jamaica, New York 11434, known on the Queens County Tax Map as Section: 53, Block: 12406, Lot: 121 in the County of Queens and State of New York (the "Subject Property"), based on Defendant Clarke's and Defendant Francis's alleged failure to make the required mortgage payments on a $113,000.00 loan secured by the Subject Property. (*See* ECF No. 1, Verified Complaint ("Compl.").) Following the default of all defendants, Plaintiff moved for default judgment on October 14, 2022, which this Court granted as to liability, but due to inadequate documentation, denied as to the request for a judgment of foreclosure and sale and damages. (ECF No. 18.)

On October 6, 2023, Plaintiff filed its renewed motion, seeking damages in the amount of $111,258.58 for the unpaid principal balance owed by Defendants Clarke and Francis, plus accrued interest through the date judgment is entered. (*See* ECF

No. 23-2, Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale ("Pl. Mem.") at 9; ECF No. 23-3, Proposed Judgment of Foreclosure and Sale ("Proposed J.") at 1.[1])  Plaintiff also submitted: (1) a sworn statement by its attorney, (ECF No. 23-1, Regularity Decl.); (2) copies of the relevant Promissory Note, Mortgage, and Assignments of Mortgage, (ECF No. 23-4 (collectively, "Mortgage Instruments")); (3) an affidavit sworn by Jem Farmer, Assistant Secretary of Fay Servicing, LLC, attorney-in-fact for Plaintiff, (ECF No. 23-6 ("Farmer Aff.")); and (4) business records pertaining to the underlying loan, which Farmer affirmed were created contemporaneously and kept in the ordinary course of business, (Farmer Aff. at 5.).[2]

The Court noted in considering the renewed motion that it "still lacks sufficient explanation or documentation to determine damages, specifically the outstanding principal balance, to a reasonable certainty" and ordered Plaintiff to file a

---

[1] As Plaintiff's Memorandum of Law and Proposed Judgment are not paginated, pin citations refer to the pagination assigned by the Court's online CM/ECF system.

[2] Courts in this District have held that an affidavit establishing the affiant's familiarity with both the documents at issue and the "books and records kept and maintained" by a party in the course of business can lay a sufficient foundation to admit those records under the business records exception to the hearsay rule. *See, e.g., CIT Bank N.A. v. Elliot*, No. 15-CV-4395 (JS) (ARL), 2019 WL 4439347, at *1 (E.D.N.Y. Sept. 17, 2019); *see also* Fed. R. Evid. 803(6). Such evidence may serve as supporting documentary evidence in a default judgment for purposes of calculating damages. *See CIT Bank N.A.*, 2019 WL 4439347, at *1.

"supplemental affidavit from a person with knowledge including sufficient information to calculate the outstanding principal." (Docket Order dated November 29, 2023.) Plaintiff subsequently filed its supplemental affidavit on February 22, 2024, noting that Plaintiff had previously erroneously calculated the unpaid principal balance and that the actual outstanding principal balance was in fact $105,450.41. (ECF No. 29, John Sweeney's Affidavit of Amounts Due and Owing to Plaintiff ("Sweeney Aff."), at 2.) Plaintiff attached to the affidavit a payment schedule showing all payments received pursuant to the loan and the amount credited towards the principal from each payment, which payment schedule Plaintiff stated was "incorporated into Plaintiff's business records by virtue of Plaintiff's purchase of the subject loan." (Sweeney Aff. at 4-6.) The issue now before the Court is whether this supporting documentation adequately substantiates Plaintiff's request for a judgment of foreclosure and sale and damages.

## DISCUSSION

### I. Foreclosure Claim Against Non-Mortgagor Defendants

As an initial matter, the Court clarifies its previous order to make it clear that the default judgment granted as to liability applies both to Defendants Myra Clarke and Jonathan Francis (together, the "Mortgagor Defendants") as well as the other named

4

defendants: the New York City Environmental Control Board ("ECB"), the New York Transit Adjudication Bureau, and the Criminal Court of the City of New York (together, the "Non-Mortgagor Defendants"). As noted in this Court's May 25, 2023, Memorandum and Opinion (ECF No. 18, ("M&O")), Default was properly entered as to all Defendants on June 14, 2022. (M&O at 4.)

Plaintiff seeks default judgment against the Non-Mortgagor Defendants because they "claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of [Plaintiff's] Mortgage." (Compl. at ¶8.) A plaintiff in a foreclosure action must name as parties all "necessary defendants." RPAPL § 1311. A "necessary defendant" is defined as, among other categories, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." *Id.* § 1311(3). This category can also include holders of subordinate judgments and liens. *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 WL 8316275, at *3 (E.D.N.Y. Aug. 11, 2021) (citing *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., Inc.*, 470 N.Y.S. 2d 642, 647 (2d Dep't 1983)). "These parties must be named because the foreclosure action will 'extinguish' the rights of subordinate interest holders and ensure

5

that the purchaser at the judicial sale is awarded full title of the property." *Id.*

The Complaint alleges that each of the Non-Mortgagor Defendants is a "judgment creditor" based on violations or judgments against the Mortgagor Defendants and the Subject Property. (Compl. at ¶¶5-7, Ex. F.) Courts in this district have previously treated similar violations as a subordinate interest in a foreclosed property. *See ARCPE Holding, LLC*, 2021 WL 8316275, at *4. In an action against a government creditor like the ECB, a plaintiff is subject to a heightened pleading requirement to establish liability. RPAPL § 202-a. To meet this heightened requirement, the complaint must include "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city [agency] a party-defendant." *Id.* "Accordingly, a plaintiff must substantiate allegations that a government creditor holds a subordinate lien to the property." *ARCPE Holding, LLC*, 2021 WL 8316275, at *4 (citation omitted).

Plaintiff included in its complaint records from a search for liens against Defendant Francis, which reflect judgments from the Criminal Court of the City of New York, Transit Adjudication Bureau violations, and ECB fines against the Subject Property. (*See* Compl. Ex. F.) Courts in this District have previously found

6

evidence of this type to "meet the heightened pleading requirement under [RPAPL] § 202-a." *ARCPE Holding, LLC*, 2021 WL 8316275, at *4. Thus, entry of default judgment against the Non-Mortgagor Defendants is proper in the instant case, and their subordinate interests in the Subject Property are extinguished.

## II. Damages and Remedies

When a plaintiff establishes liability in a motion for default judgment, "the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). In doing so, the court may "conduct a hearing or rely on evidence provided by plaintiff." *Sette-Hughes v. Sprauve*, 663 F. App'x 10, 11 (2d Cir. 2016) (summary order) (citing *Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Contr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). If the court chooses not to hold a hearing, it "may rely upon 'detailed affidavits and documentary evidence'" in addition to its "'personal knowledge of the record'" when ascertaining whether damages are reasonably certain. *See Onewest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *2 (E.D.N.Y. July 19, 2016) (quoting *Fustok v. ContiCommodity Serv., Inc.*, 873 F.2d 38, 40 (2d. Cir. 1989)).

7

Plaintiff requests damages of $195,506.69, comprised of $105,450.41 in unpaid principal and $90,056.28 in interest accrued as of February 1, 2024, to be paid from the foreclosure and sale of the Subject Property through the appointment of a referee by the Court. (*See* Proposed J.; Sweeney Aff. ¶¶6-9.) Plaintiff also seeks remuneration for additional costs related to the sale of the Subject Property. (*See* Compl. at 7 (requesting "the expenses of such sale"); Proposed J. at 2-3.)

### a. Unpaid Principal Balance

Plaintiff claims that the Mortgagor Defendants owe an outstanding principal balance of $105,450.41 on the note. (Sweeney Aff. at ¶6.) As noted in this Court's November 29, 2023, Order, "sufficient explanation or documentation," such as a payment ledger, is required to allow the Court to determine the outstanding principal balance "to a reasonable certainty." (Docket Order dated November 29, 2023); *see also Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-01788(MKB)(RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) ("the Court is unable to verify Plaintiff's calculations because Plaintiff does not indicate what payments, if any, were made on the outstanding principal from the time the Note was issued until the default date").

Plaintiff's recent submission proves the outstanding principal to a "reasonable certainty." *Credit Lyonnais Sec. (USA),*

8

*Inc.*, 183 F.3d at 155. The promissory note secured by the mortgage at issue in this case was submitted as an exhibit to Plaintiff's initial complaint and motion for default judgment and demonstrates that the original loan was for $113,000.00. (Compl. Ex. C; *see also* Mortgage Instruments at 34.) Though the promissory note itself corroborates the original loan amount, the Court previously could not find that, standing alone, the note sufficiently substantiated the purported outstanding and unpaid principal. (M&O at 13). However, contemporaneous business records kept in Plaintiff's ordinary course of business, which it submitted in its most recent filing, verify the outstanding balance of $105,450.41. (*See* Sweeney Aff. at 4-6, Loan Summary and Payment Schedule ("Payment Schedule") (showing an outstanding principal balance of $105,450.41 beginning on June 1, 2016, immediately prior to the July 2016 default));[3] *see also ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2022 WL 2467085, at *2 (E.D.N.Y. Apr. 15, 2022) (supplemental documentation showing history of loan payments sufficient to compute outstanding principal). Because Plaintiff has adequately demonstrated that $105,450.41 of the principal remains outstanding, Plaintiff is entitled to recover

---

[3] Plaintiff's Loan History does not document the amount of principal outstanding between June 1, 2016, to when it filed its motion to renew damages on October 6, 2023. (*See* Payment Schedule). It is reasonable to assume that the unpaid principal did not change during that time, as Plaintiff affirms that the loan was due for payment on July 1, 2016, the date of default. (Sweeney Aff. at ¶6.)

9

the unpaid principal balance through foreclosure and sale of the Subject Property.

### b. Interest

Plaintiff also seeks interest on the principal of $105,450.41, the amount owed as of July 1, 2016. (Sweeney Aff. at ¶¶7-9.) Under the terms of the Note, the Mortgagor Defendants were required to pay interest on the principal calculated at an annual percentage rate of 11.125%. (Compl. Ex. C; see also Mortgage Instruments at 34.) To reach the interest figure of $90,056.28, Plaintiff first calculates the per diem amount of interest due by multiplying the principal balance ($105,450.41) by the interest rate (11.125%) and then dividing that number by 365. (Sweeney Aff. at ¶8.) The per diem amount of interest, rounded to the nearest cent, is $32.14 ((105,450.41 * .11125) / 365). (*Id.*) Next, the per diem[4] interest rate is multiplied by the number of days between June 1, 2016 (the first day of the first monthly period during which the Mortgagor Defendants failed to make a required payment) and February 1, 2024 (the date as of which Plaintiff requests pre-judgment interest in its motion for default

---

[4] Courts in this District routinely allow for the amount of interest owing under a note to be calculated on a per diem basis, even where the note itself provides for interest calculated at an annual percentage rate. *See, e.g., Courchevel 1850 LLC v. Donaldson*, No. 16-CV-6803 (RRM) (CLP), 2018 WL 1830809, at *7 (E.D.N.Y. Feb. 1, 2018), *report and recommendation adopted*, 2018 WL 5777018 (E.D.N.Y. Nov. 1, 2018); *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019).

judgment). (Sweeney Aff. at ¶8.) There are 2,802 days between July 1, 2016, and February 1, 2024. This calculation ($32.14 * 2,802) yields interest in the amount of $90,056.28.

The Court thus finds that Plaintiff's calculations are correct and therefore Plaintiff is awarded $90,056.28 in interest, to be satisfied from the foreclosure and sale of the Subject Property if there are sufficient proceeds.

### c. Judgment of Foreclosure and Sale

Plaintiff seeks a judgment of foreclosure and sale of the Subject Property, to be conducted by a court-appointed Referee. (Proposed J. at 2-3.) The Court grants the requested relief based on the finding in the M&O that Plaintiff has established that the Mortgagor Defendants "are liable for failing to make timely payments under the terms of the Note and Mortgage and that entry of default judgment is proper." (M&O at 9); *see also OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted) ("A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation.")

Additionally, Plaintiff requests an order that the Subject Property be sold as one parcel, and that the foreclosure and sale

11

of the Subject Property be conducted through the appointment of a referee. (Proposed J. at 2-3.) Plaintiff has not proposed a specific individual to serve as the referee. In other such cases, courts in this District have directed the plaintiff to submit the names of candidates to serve as the referee, from whom the court may then appoint one. *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019). The Court directs Plaintiff to propose a candidate to serve as Referee of the foreclosure and sale of the Subject Property, subject to this Court's approval.

### d. Other Costs

Plaintiff also seeks payment, from the proceeds of the sale, of additional costs related to the Subject Property. (Proposed J. at 2-3 (requesting "the sum of $750.00 to said Referee for her fees[,]" the "expenses of the sale and the advertising expenses as shown on the bills presented to said Referee[,]" and "taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon[.]").) Plaintiff did not expressly seek this relief in its complaint, (see Compl. at p. 7 (generally requesting "the expenses of such sale[.]")), and when granting default judgment, courts generally are not permitted "to award damages that exceed what the plaintiff requested in its complaint."

12

*Castiglione*, 2019 WL 2435670, at *5 (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)).

Here, given that Plaintiff did seek "the expenses of such sale[,]" the Court finds that the phrase "logically includes" Plaintiff's stated costs, and thus grants Plaintiff these expenses as requested in the proposed judgment. *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020) (granting reimbursement of foreclosure and sale expenses sought in proposed judgment that were not explicitly requested in the complaint where catch-all term "expenses of the sale" was used in the complaint) (collecting cases).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and awards Plaintiff damages consisting of: (1) $105,450.41 for the principal balance owed by Defendant pursuant to the Loan entered into by and between the Mortgagor Defendants and Plaintiff's predecessor-in-interest; (2) $90,056.28 accrued interest from the date interest is owed (i.e., June 1, 2016) through February 1, 2024; (3) per diem, pre-judgment interest of $32.14, starting from February 1, 2024, until the date on which judgment is entered; (4) post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date the judgment is satisfied; (5) the appointment of

13

a referee, to be proposed by Plaintiff and accepted by the Court, to effectuate the foreclosure and sale of the Subject Property as one parcel; and, (6) other costs related to the sale of the Subject Property. Plaintiff is directed to file an updated Proposed Judgment of Foreclosure and Sale on or before March 8, 2024, that comports with this Order, including an update to the principal balance and accrued interest, an update to reference the Sweeney Affidavit, and which sets forth a proposed referee.

Plaintiff is ordered to serve each of the Defendants with a copy of this Memorandum and Order and note service on the docket no later than close of business on Friday, March 1, 2024.

**SO ORDERED.**

_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:    February 29, 2024
          Brooklyn, New York