UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                            Plaintiff,

    -against-

MYRA CLARKE; JONATHAN FRANCIS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; CRIMINAL COURT OF THE CITY OF NEW YORK,

                           Defendant(s).
------------------------------------------------------------X

1:22-cv-02230-KAM-MMH

JUDGMENT OF FORECLOSURE AND SALE

On the Summons in a Civil Action (the "Summons") and Verified Complaint and (the "Complaint") filed herein on April 19, 2022; on the Notice of Pendency filed in the Queens County Clerk's Office; and upon Plaintiff Empire Community Development, LLC's Motion for a Judgment of Foreclosure and Sale, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

NOW, upon the Affidavit of Statement of Damages of John Sweeney, sworn to the 1st day of February, 2024, and upon the Order granting Plaintiff's Motion for Default Judgment [Docket No. 30], the Court finds that;

The total principal balance due on the Note and Mortgage is $105,450.41, plus the amount of interest computed by the Court to be due on the Note ("Note") and Mortgage is $90,056.28, for a total of $195,506.69, as of February 1, 2024.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the front door of the Brooklyn Courthouse of the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201 by and under the direction of Susan Ellen Rizos, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in Newsday newspaper and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or her duly appointed designee then deposit the balance of said proceeds of the sale in her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $750.00 to said Referee for her fees herein.

2nd     The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her to be correct, duplicate copies of which shall be left with said depository.

3rd     And also the sum of $195,506.69 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from February 1, 2024 and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon as allowed by the Note and Mortgage, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or her duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with her report of sale. That said Referee or her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or her duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the

aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or her duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or her duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or her duly appointed designee shall make her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or her duly appointed designee shall specify the amount of such deficiency in her report of sale, the Plaintiff shall recover from Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or her duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. Said premises commonly known as 116-25 Merrick Boulevard, Jamaica, NY 11434. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Brooklyn, New York

March 5, 2024

s/KAM
_____
The Honorable Kiyo A. Matsumoto
United States District Court Judge

# SCHEDULE A
# DESCRIPTION

Section 53 Block 12406 and Lot 121

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Queens, County of Queens, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of Merrick Boulevard, distant 224.05 feet Easterly from the corner formed by the intersection of the Northerly side of Merrick Boulevard and the Easterly side of 116th Avenue;

RUNNING THENCE North 2 degrees 56 minutes 21 seconds East, a distance of 87.92 feet;

THENCE South 87 degrees 3 minutes 39 seconds East, a distance of 20.33 feet;

THENCE South 2 degrees 56 minutes 21 seconds West, a distance of 92.50 feet to the Northerly side of Merrick Boulevard;

THENCE Westerly along the said Northerly side of Merrick Boulevard, 20.84 feet to the point or place of BEGINNING.

Premises known as 116-25 Merrick Boulevard, Jamaica, New York